IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANCH BANKING & TRUST COMPANY,
successor in interest to COLONIAL BANK by
asset acquisition from the FDIC, as Receiver for
COLONIAL BANK,
 Plaintiff,

vs.           Case No.: 3:10cv10/MCR/EMT

NAVARRE 33, INC., et al.,
 Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff, Branch Banking & Trust Company ("BB & T"), filed a complaint, pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332, for breach of contract relating to a promissory note (doc. 1). The complaint names the following five Defendants: Navarre 33, Inc. ("Navarre"), Charles W. Clary, III ("Clary III"), William R. McKelvy ("W. McKelvy"), James D. McKelvy ("J. McKelvy"), and the Estate of Charles William Clary ("Clary Estate") (*id.*). All Defendants have been duly served with legal process in accordance with Rule 71.1(d) of the Federal Rules of Civil Procedure. The court has jurisdiction over the subject matter and the parties.

  BB & T filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, against all Defendants except the Clary Estate (doc. 94).[1] BB & T additionally filed supporting materials and a separate statement of material facts as to which it is contended there is no genuine issue to be trial (*see* docs. 94, 95). On September 30, 2011, the undersigned issued an advisement order informing the parties of the importance and ramifications of summary judgment

---

[1] The district court stayed this action as to the Clary Estate pending resolution of Plaintiff's Petition for Extension and Motion to Strike and Objection, pending before the Circuit Court in and for Okaloosa County, Florida, Probate Division, Case No. 2008-CP-000492 (doc. 26). Therefore, Plaintiff does not seek summary judgment against the Clary Estate (*see* doc. 94 at 2 n.1).

consideration and providing them with information as to the requirements for materials submitted for Rule 56 review (doc. 96). The order advised Defendants that they must file and serve a separate, short and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida (*id.*). The court expressly advised Defendants that all material facts set forth in the statement of material facts filed by BB & T would be deemed to be admitted unless controverted by Defendants' statement of material facts (*id.*). The court also advised that failure to comply with the order directing a response may result in a recommendation that BB & T's motion be granted and that final judgment be entered in favor of BB & T, pursuant to Rule 7.1(C)(1) of the Local Rules of this court (*id.*). Defendants Clary III and Navarre filed a joint response to BB & T's motion for summary judgment, with supporting materials and a separate statements of material facts, as well as a motion for continuance, pursuant to Rule 56(f) (docs. 105, 106, 107). BB & T filed, with leave of court, a reply to the response (*see* docs. 108, 109, 114). To date, neither W. McKelvy nor J. McKelvy has filed a response to the motion for summary judgment.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Upon review of the parties' submissions, the undersigned concludes that Navarre and Clary III's motion to continue should be denied. The undersigned further concludes BB & T is entitled to summary judgment against Defendants Navarre, Clary III, W. McKelvy, and J. McKelvy.

I.     MOTION TO CONTINUE

Clary III and Navarre contend summary judgment is premature, because Mr. Philip Justiss, the affiant upon whom BB & T relies in support of its motion for summary judgment, has not been deposed (doc. 105 at 2–6). Clary III and Navarre request a continuance, pursuant to Rule 56(f) of the Federal rules of Civil Procedure, to enable them to obtain discovery on two issues which they contend are necessary to allow them to repudiate BB & T's claims: (1) whether BB & T is in actual possession of the original promissory note, and (2) whether Mr. Justiss possesses sufficient knowledge regarding the calculations to which he testified in his affidavit (*id.*). BB & T filed a response in opposition to the motion for continuance (doc. 114).

Rule 56 provides, in relevant part:

**(d) When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d) (2010).

In support of their motion for continuance, Clary III and Navarre filed a Declaration of Jeffrey L. Burns, counsel for Navarre and Clary III (doc. 107).  Mr. Burns states Clary III and Navarre are unable to fully respond to BB & T's motion for summary judgment, because they "have not been able" to depose Mr. Justiss (Burns Decl. ¶ 4).  Mr. Burns candidly admits that this case is two years old, and "it may be questionable" as to why discovery on Mr. Justiss has not been conducted (*id.* ¶ 6).  Mr. Burns states Mr. Justiss was deposed in the state probate case; however, issues regarding whether BB & T is the holder of the note and what methods Mr. Justiss used to calculate any damages were not raised in his deposition, because those issues were not the focus of the probate case (*id.* ¶¶ 7–8).  In support of their argument, Clary III and Navarre cite Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 80–71 (11th Cir. 1988) and WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988), as well as cases from the Southern and Middle Districts and the Florida courts (doc. 105 at 3–5).

In response to the motion for continuance, BB & T asserts the discovery period in this case closed on September 12, 2011, and the motion for summary judgment was filed thereafter (doc. 114 at 2).  BB & T asserts that none of the Defendants in this case ever sought to take discovery of any kind, and it was only until Clary III and Navarre filed their response to the motion for summary judgment (seventy-two (72) days after the discovery deadline passed) that they indicated a desire to conduct discovery (*id.* at 3).  BB & T further argues Clary III and Navarre failed to show they are entitled to an extension of the discovery period, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, because they failed to show good cause for the extension, or that their failure to act was due to excusable neglect (*id.*).  BB & T contends none of the cases cited by Clary III and Navarre

support their position that they are entitled to a continuance. For example, in Snook, the Eleventh Circuit found that summary judgment was improvidently granted when discovery requests were outstanding and a motion to compel was pending at the time the court granted summary judgment. 859 F.2d 870–71. Similarly in WBS-TV, the Eleventh Circuit reversed summary judgment, specifically finding that the plaintiffs had been afforded no opportunity for discovery. 842 F.2d at 1269 (emphasis added). BB & T argues in the instant case, Defendants had more than ample time and opportunity to conduct and complete discovery; indeed the court extended the discovery deadline three times pursuant to the parties' request (doc. 114 at 5). Therefore, there is no basis for a continuance of the summary judgment proceedings (*id.*).

A motion seeking a continuance so that a party may conduct discovery needed to oppose a summary judgment motion must demonstrate, with particularity, what facts the party hopes to obtain by discovery and how these facts will raise a genuine issue of fact. *See* Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1310–11 (11th Cir. 2006) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1259 n.2 (11th Cir. 2004); Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)); Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983) (party requesting discovery under Rule 56(f) [predecessor to 56(d)] must "specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact"). Further, a party seeking a continuance to conduct discovery needed to oppose a summary judgment motion must have acted diligently. *See* Exigent Tech., Inc., 442 F.3d at 1310–11 (citing Barfield v. Brierton, 883 F.2d 923, 931–33 & n.11 (11th Cir. 1989); Druid Hills Civic Ass'n v. Fed. Highway Admin., 883 F.2d 1545, 1550–51 (11th Cir. 1987)).

Defendants were not railroaded by a premature summary judgment motion in this case. The record demonstrates BB & T initially filed suit on January 18, 2010, twenty (20) months prior to its filing the motion for summary judgment. The discovery period closed on September 12, 2011, after the court granted three extensions of the discovery deadline (*see* docs. 71, 77, 89). BB & T filed the motion for summary judgment ten (10) days later, on September 22, 2011 (doc. 94). It was not until November 23, 2011, that Clary III and Navarre indicated they needed to conduct discovery. Further, in their motion for continuance, they did not allege they made any effort, let alone a diligent effort,

to depose Mr. Justiss. Indeed, they admit they deposed Mr. Justiss in the state probate case but failed to cover the issues related to this case (*see* Burns Decl. ¶¶ 7, 8). Moreover, Clary III and Navarre failed to show that Mr. Justiss's deposition would provide information that might alter the facts in his affidavit concerning whether BB & T is the holder of the promissory note and the amount due and owing under the promissory note (*see* doc. 106 ¶¶ 4, 8). Indeed, Navarre and Clary III do not argue that Mr. Justiss's statements in his affidavit are inaccurate, they instead contend his affidavit is based upon inadmissible hearsay.[2] Because Clary III and Navarre have not shown that they made diligent efforts to depose Mr. Justiss prior to the discovery deadline, and they have not shown that the court's re-opening discovery would enable them to discover facts showing that Mr. Justiss's statement as to the amount due is inaccurate, they have failed to show they are entitled to a continuance under Rule 56(d). *See* Exigent Tech., Inc., 442 F.3d at 1310–11; Barfield, 883 F.2d at 931–33 & n. 11 (upholding the denial of a Rule 56(f) motion where "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options" and noting that the "most common situation in which [Rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal . . . .") (internal citations and quotation marks omitted).

II.   SUMMARY JUDGMENT

    A.   Relevant Facts[3]

The following facts are derived from BB & T's statement of material facts as to which there is no genuine issue to be tried (doc. 95). Clary III and Navarre admitted the following facts (*see* doc. 106). W. McKelvy and J. McKelvy did not file a statement of facts controverting any of the facts asserted by BB & T; therefore, BB & T's facts are deemed admitted by the McKelvys and undisputed for summary judgment purposes. *See* N.D. Fla. Loc. R. 56.1(A).

---

[2] As will be discussed *infra*, Mr. Justiss has filed a supplemental affidavit demonstrating that the statements of fact in his affidavit satisfy the business records exception to the hearsay rule (doc. 114, Supplemental Aff. of Philip Justiss, Jan. 9, 2012).

[3] As this case comes before the court on BB & T's motion for summary judgment, the court views the facts in the light most favorable to Defendants as the non-moving parties, *see* Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993), drawing those facts from the pleadings and other evidentiary materials on file.

On August 25, 2005, Navarre entered into a Commercial Promissory Note and Security Agreement, Mortgage and Security Agreement, and Assignment of Leases, Rent, and Profits ("August 25 Note and Security Agreements') with Colonial Bank, N.A. ("Colonial"), pursuant to which, Colonial agreed to loan Navarre the principal amount of $10,000,000.00 ("Loan") (doc. 94, Ex. A, Affidavit of Philip Justiss ¶ 3, Sept. 20, 2011). True and correct copies of the August 25 Note and security agreements are attached to the Complaint (doc. 1, Exs. A, C, D). On August 25, 2005, Clary III, W. McKelvy, and J. McKelvy ("Guarantors") each entered into a Guarantee, pursuant to which each guaranteed to Colonial payment of all obligations owed by Navarre to Colonial (Justiss Aff. ¶5). True and correct copies of the Guarantees are attached to the Complaint (doc. 1, Exs. F, G, H, I). On February 27, 2008, Navarre and Colonial entered into a Renewal of Commercial Promissory Note and Security Agreement ("Renewal"), pursuant to which Colonial renewed the Loan and extended the maturity date of the Promissory Note to May 28, 2008 ("Maturity Date") (Justiss Aff. ¶ 4). A true and correct copy of the Renewal is attached to the Complaint (doc. 1, Ex. B).

Navarre defaulted under the terms of the Promissory Note, and the Guarantors defaulted under the terms of the Guarantees by failing to pay the amounts that became due and owing under the Promissory Note on the Maturity Date (Justiss Aff. ¶7). On October 27, 2009, BB&T demanded that Navarre and the Guarantors pay the amounts owed under the Loan Documents (Justiss Aff. ¶8). A true and correct copy of the demand letter is attached to the Complaint (doc. 1, Ex. E). Navarre and the Guarantors have not paid BB&T the full outstanding amount of the indebtedness evidenced by the Promissory Note (Justiss Aff. ¶9). The Loan and Loan Documents were never modified except as set forth in the Renewal; the written terms of the Loan Documents continue to govern the Loan (Justiss Aff. ¶10).

 B. Legal Standards

  1. Summary judgment standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence

of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original).  A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  A fact is "material" if it may affect the outcome of the case under the applicable substantive law.  *See id.*

Where, as here, the moving party has the burden of proof at trial, it must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.  United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d  1428, 1438 (11th Cir. 1991) (en banc).  "In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *Id.*

"When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e).  In assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  *See* Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment.  *See* Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

2.   Breach of contract

Under Florida law, the elements of a breach of contract action are (1) a valid contract, (3) a material breach, and (3) damages.  Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).  Claims for breach of guarantees are "straightforward state-law breach of contract claims."  *See* Reiter Petroleum, Inc.

v. Gallant, 2011 WL 4055392, at *2 (S.D. Fla. Sept. 13, 2011) (citing Modern Gaming, Inc. v. Malone, 2010 WL 724434, at *2 (M.D. Fla. Feb. 24, 2010)).

    C.    Discussion

The undisputed evidence establishes that a valid contract exists between Colonial and Defendants, and Defendants materially breached the contract. The only disputed issues are whether BB & T is the current holder of the Note and Guarantees, and the amount of damages.

    1.    Whether BB & T is the current holder of the Note and Guarantees

BB & T submitted an affidavit of Philip Justiss in support of its assertion that BB & T is the successor-in-interest to Colonial by asset acquisition from the FDIC, as receiver for Colonial, and as a result, BB&T is the current holder of the Note and Guarantees (Justiss Aff. ¶ 6). Additionally, BB & T asks the court to take judicial notice of the Purchase and Assumption Agreement ("P & A Agreement") between the FDIC and BB & T, to establish its ownership of, and right to enforce, the Note and Guarantees (doc. 94 at 4). The P & A Agreement, as well as other information related to Colonial's failure and the FDIC's appointment as its receiver, are publicly available on the FDIC's official website, *see* http://www.fdic.gov/bank/individual/failed/colonial-al.html.

Clary III and Navarre deny that BB & T is the holder of the promissory note (*see* doc. 106 ¶ 4). However, they have not offered any evidence or argument in an attempt to negate BB & T's assertion that it acquired rights to the Note and Guarantees from the FDIC; instead, their denial is based upon their lack of knowledge as to whether this fact is true (*id.*). Further, Defendants have not contested BB & T's request that the court take judicial notice of the P & A Agreement; and the undersigned concludes that it is appropriate to do so, because the FDIC website is a source whose accuracy cannot reasonably be questioned in this context. *See* Fed. R. Evid. 201; *see also* Branch Banking & Trust Company v. McClure, Case No. 2:10cv0301-PWG, Doc. 27 at 6 (N.D. Ala. July 18, 2011) (submitted as Exhibit B to BB & T's motion for summary judgment (doc. 94, Ex. B)).

According to the materials on the FDIC website, Colonial was closed on August 14, 2009, by the Alabama State Banking Department, and the FDIC was named receiver. Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), when the FDIC is appointed receiver, *see* 12 U.S.C. § 1821(c), it succeeds to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder . . . of such institution with respect to

the institution and the asserts of the institution." 12 U.S.C. § 1821(d)(2)(A)(i). This language indicates that the FDIC as receiver "steps into the shoes" of the failed bank, obtaining the rights "of the insured depository institution" that existed prior to receivership. O'Melveny v. Myers v. FDIC, 512 U.S. 79, 86, 114 S. Ct. 2048, 129 L. Ed. 2d (1994). Because it has been shown that the FDIC became the receiver for Colonial Bank, it has been sufficiently established that Colonial's rights in the promissory note and the guarantees were transferred by operation of law to the FDIC. *See* FDIC v. Houde, 90 F.3d 600, 606 (11th Cir. 1996); *see also* FDIC v. Patel, 46 F.3d 482, 485 (5th Cir. 1995).

The FDIC website further indicates that, pursuant to its authority as a receiver under FIRREA, the FDIC entered into a P & A Agreement on August 14, 2009, whereby BB & T purchased certain assets and assumed certain liabilities of Colonial. Section 3.1 of the P & A Agreement describes the assets purchased by BB & T, which include <u>all</u> of Colonial's assets, except those expressly excluded in Section 3.5 and 3.6 of the P & A Agreement. Neither of the cross-referenced sections of the P & A Agreement, 3.5 and 3.6, appears on its face to exclude the promissory note or guarantees from the asserts purchased by BB & T. The undersigned concludes that the broad language of Section 3.1 of the P & A Agreement, describing the assets purchased by BB & T, sufficiently indicates that BB & T is the current holder of the Note and Guarantees that are the subject of the instant case.

Defendants submitted no evidence suggesting BB & T is not the current holder of the Note and Guarantees. Therefore, the undersigned concludes there is no genuine issue of material fact as to whether BB & T is the current holder of the Note and Guarantees.

    2.    <u>Damages</u>

BB & T relies upon Mr. Justiss's affidavit in support of its assertion of the amount of damages which, as of September 19, 2011, totaled $14,097,414.78, consisting of principal in the amount of $10,236,059.82, interest in the amount of $3,546,794.78, late fees in the amount of $600.00, plus $313,960.18 for real estate taxes for the years 2009 and 2010, plus additional fees, interest (which continues to accrue at the default rate), late charges, costs, and attorneys' fees (*see* doc. 95 ¶ 8; doc. 94, Justiss Aff. ¶ 11). BB & T asserts it has not received any funds from the FDIC with respect to the loan at issue in this lawsuit (Justiss Aff. ¶12).

Clary III and Navarre argue that the declarations of fact in Mr. Justiss's affidavit, including the assertions of the amount of damages, are inadmissible hearsay, because they are based upon knowledge of third parties and documents in BB & T's files, and Mr. Justiss failed to qualify the documents as business records (doc. 105 at 7; doc. 106 ¶ 8).

In BB & T's reply, it argues that Mr. Justiss's affidavit establishes the business records exception to the hearsay rule, Rule 803(6) of the Federal Rules of Evidence (doc. 114 at 6–7). BB & T contends that to the extent Mr. Justiss's original affidavit did not satisfy the business records exception, his supplemental affidavit clearly establishes that the exception applies (*id.* at 7, attached Justiss Supp. Aff., Jan. 9, 2010).

The business records exception to the hearsay rules provides:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> > **(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> >
> > **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > **(C)** making the record was a regular practice of that activity;
> >
> > **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> >
> > **(E)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (2011).

In the instant case, Mr. Justiss's affidavits state he is a Vice President for BB & T, and he was a Vice President for Colonial prior to BB & T's acquisition of Colonial's assets from the FDIC (Justiss Supp. Aff. ¶ 1). He states the information contained in his original affidavit is based upon either his personal knowledge or upon his personal knowledge of the business records that were maintained by Colonial prior to BB & T's acquisition from the FDIC, as well as the business records currently maintained by BB & T (*id.* ¶ 2). Mr. Justiss states that as Vice President, he has access to,

and custody and control over, the books and records of BB & T with regard to the transactions with Defendants at issue in this lawsuit (*id.* ¶ 3). He states the business records of both Colonial and BB & T, including but not limited to all records reflecting the amounts owed by Defendants to BB & T as a result of the loan made by Colonial to Defendants that is the subject of this lawsuit, have been compiled and maintained as a regular business practice by persons employed at Colonial and BB & T, respectively, who have knowledge of the events described in the books and records, which records were made at or near the time of such events (*id.* ¶ 4). The undersigned concludes nothing more is necessary to comply with Rule 803(6). *See* U.S. v. Langford, 647 F.3d 1309, 1326–27 (11th Cir. 2011); U.S. v. Bueno-Sierra, 99 F.3d 375, 378–79 (11th Cir. 1996); Allen v. Safeco Ins. Co. of America, 782 F.2d 1517, 1519 (11th Cir. 1986); *see also* Talmo v. FDIC, 782 F. Supp. 1538, 1541 (S.D. Fla. 1991).

Mr. Justiss's affidavits are admissible as evidence of the amount of damages due from Defendants to BB & T. Further, Defendants submitted no evidence suggesting the amount of damages set forth in Mr. Justiss's original affidavit is inaccurate. Therefore, the undersigned concludes there is no genuine issue of material fact as to the amount of damages due from Defendants to BB & T, which, as of September 19, 2011, totaled $14,097,414.78, consisting of principal in the amount of $10,236,059.82, interest in the amount of $3,546,794.78, late fees in the amount of $600.00, $313,960.18 for real estate taxes for the years 2009 and 2010, plus interest which continues to accrue at the default rate (*see* Justiss Aff. ¶ 11). Additionally, BB & T is entitled to an award of its reasonable attorneys' fees and costs (*see* Justiss Aff. ¶ 13; doc. 1, Ex. A, Commercial Promissory Note and Security Agreement ¶ 10 doc. 1, Exs. F, G, H, Guarantees of Clary III, W. McKelvy, and J. McKelvy).

III. CONCLUSION

Clary III and Navarre have not shown they are entitled to a continuance of the summary judgment proceedings, pursuant to Rule 56(d). As to the summary judgment motion, BB & T has shown that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable fact finder could find for Defendants. BB & T has further shown that it is entitled to judgment as a matter of law. Therefore, BB & T's motion for summary judgment should be granted

and judgment should be entered in its favor and against Defendants Navarre, Clary III, W. McKelvy, and J. McKelvy, jointly and severally.

Accordingly, it is respectfully **RECOMMENDED**:

1. That BB & T's motion for final summary judgment against Defendants Navarre 33, Inc., Charles W. Clary, III, William R. McKelvy, and James D. McKelvy (doc. 94) be **GRANTED**.

2. That BB & T be directed to submit calculations of the current balances of the outstanding indebtedness with principal, accrued interest, late fees and charges, real estate taxes, and the accrued interest rate within **FOURTEEN (14) DAYS** from the date of docketing of the order of the district court after consideration of this Report and Recommendation.

3. That BB & T be awarded its costs and attorney's fees incurred in this action in an amount to be determined by the court.

4. That BB & T be directed to file a motion for attorney's fees, in compliance with rule 54.1 of the Local Rules, within **FOURTEEN (14) DAYS** from the date of docketing of the order of the district court after consideration of this Report and Recommendation.

5. That upon BB & T's filing its calculations of the current balances of the outstanding indebtedness, the clerk be directed to enter judgment in favor of BB & T and against Defendants Navarre 33, Inc., Charles W. Clary, III, William R. McKelvy, and James D. McKelvy, jointly and severally, in that amount.

At Pensacola, Florida this 21st day of May 2012.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).